STATE OF LOUISIANA

VERSUS

DONALD WARDEN

NO. 25-K-353

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

_____August 17, 2025_____

Linda Tran
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

**IN RE** DONALD WARDEN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT, PARISH OF ST CHARLES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE [CONNIE M. AUCOIN, DIVISION "C", NUMBER 20,570

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

Relator/defendant, Donald Warden, seeks this Court's expedited supervisory review of the trial court's July 22, 2025 rulings that granted the motion *in limine* filed by respondent, the State of Louisiana. The trial in this case is currently set for August 19, 2025.

In its motion *in limine*, the State sought to preclude relator from introducing evidence (text messages and photographs) and testimony regarding alleged physical abuse of the victims or their juvenile sibling by their father, C.W. The State specified that it sought to exclude text messages between relator's wife, who is also the victims' grandmother, and the victims' mother. It stated that the messages, which were part of Dr. Danny Roussel's expert report,[1] discussed 1) physical discipline of the children by C.W., and 2) the victims' mother possibly filing for a divorce from him. The State argued that admitting the text messages would shift the focus away from the charges. Additionally, it sought to exclude a photograph referenced in Dr. Roussel's report of the victims, wherein one of them was pointing her middle finger up. Finally, the State sought to exclude another photograph referenced in Dr. Roussel's report, which allegedly showed bruising on the victims' brother that the State asserted the defense would allege C.W. caused. The State contended both photographs were irrelevant. It argued that none of the specified evidence of alleged abuse by the victims' father was 1) rationally

_____

[1] Dr. Roussel has been excluded as a defense expert.

25-K-353

connected to the charged sexual abuse by defendant, 2) a potential defense, or 3) a motive by the victims to fabricate the charges.

In opposition, relator mainly argued that evidence of C.W.'s alleged physical abuse of his children was exculpatory. He contended that the evidence at issue will show that the children lived in perpetual fear of their father and they would say or do anything not to incur his wrath. Relator explained that the text messages show that C.W. physically and psychologically abused the children. Relator also asserted that the photographs showed the children's injuries, reflecting 1) the State's inadequate investigation, 2) that the children were prisoners in their home, and 3) that the children feared C.W.'s wrath. He concluded that the State was repeatedly trying to exclude exculpatory evidence and the State's motion should have been dismissed.

A hearing on the State's motion *in limine* was held on July 22, 2025. The trial court granted the motion. As to the text messages, the trial judge found that they were too prejudicial and would only serve to inflame the jury. The trial judge further explained that the text messages did not serve as the basis for the opinions of defense expert, Dr. Kristen Luscher, a clinical psychologist, and recalled that Dr. Luscher's report had previously been heavily reviewed and addressed. The judge stated that the text messages are not referenced as a basis for Dr. Luscher's opinion in her report. As to the photographs, the trial judge stated that the photograph of one of the victims pointing her middle finger up was not relevant, and to the extent it could be relevant, it was too prejudicial. The judge then found that the photograph of the victim's brother was irrelevant because he was not a victim in this matter. The judge further explained that, even if it were relevant in that relator argues that the fear of abuse triggered a false claim, the photograph would be too prejudicial and would only serve to inflame the jury.

A defendant's right to present a defense is guaranteed by the Sixth Amendment to the United States Constitution and Article I, § 16 of the Louisiana Constitution. This right, however, does not necessitate that a trial court allow the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. *State v. Perilloux*, 21-448 (La. App. 5 Cir. 12/20/23), 378 So.3d 280, 308-09, *writ denied*, 24-104 (La. 9/4/24), 391 So.3d 1055.

La. C.E. art. 401 states, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All relevant evidence is admissible, except as otherwise provided by law. La. C.E. art. 402. In deciding the issue of relevancy, the trial court must determine whether the evidence bears a rational connection to the facts at issue in the case. *State v. Battle*, 23-272 (La. App. 5 Cir. 6/17/24), 391 So.3d 130, 148, *writ denied*, 24-912 (La. 1/14/25), 398 So.3d 649.

Even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La. C.E. art. 403.

The determination concerning relevancy of evidence is within the discretion of the trial judge whose rulings will not be disturbed in the absence of an abuse of discretion. *State v. Salvant*, 24-205 (La. App. 5 Cir. 3/19/25), 411 So.3d 74, 98.

Upon review, we find that the trial court did not abuse its discretion in excluding the text messages and photographs in question.  As to relevancy, we agree with the trial court's concern as to whether the evidence in question bears a rational connection or basis to the facts at issue in the case.  Further, the trial court performed the balancing test required under La. C.E. art. 403 and found that, even if this evidence was relevant, the prejudicial effect of the evidence would substantially outweigh its probative value.  On the showing made, we find no basis upon which to disturb the rulings of the trial court.  Finally, in the event of a conviction, defendant will have an adequate remedy on appeal.

Accordingly, this writ application is denied.


Gretna, Louisiana, this 17th day of August, 2025.

**JGG**
**SUS**

STATE OF LOUISIANA

VERSUS

DONALD WARDEN

NO. 25-K-353

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., DISSENTS, IN PART, WITH REASONS**

I, respectfully, dissent in part from the majority disposition on the issue of whether the trial court abused its discretion by excluding the text messages between the victims' grandmother and their mother. In this matter, Relator, Donald Warden, asserts that the theory of his defense at trial will be that the victims falsely accused him of sexual abuse because there was a possibility he would disclose a particular event to their father, C.W.; and, the victims were in perpetual fear of their father and would say anything avoid C.W.'s wrath. The text messages at issue show the family dynamics in the victims' home, as their mother described certain instances to their grandmother. The trial court excluded those text messages on the basis that they were too prejudicial and would only serve to inflame the jury. The trial court also found that the text messages did not serve as the basis for Dr. Kristen Luscher's opinion.[2]

Both the Sixth Amendment of the United States Constitution and Article I, § 16 of the Louisiana Constitution guarantee a criminal defendant the right to present a defense. *State v. Hicks*, 16-462 (La. App. 5 Cir. 2/8/17), 213 So.3d 458, 465, *writ denied*, 17-445 (La. 11/13/17), 230 So.3d 205. This right does not require a trial court to permit the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that it is substantially outweighed by

---

[2] Dr. Luscher has been accepted as an expert clinical psychologist in the areas of sexual victimization and perpetration, psychological assessment, and child abuse.

other legitimate considerations in the administration of justice. *Id.* The trial court is afforded great discretion in evidentiary rulings and, absent a clear abuse of that discretion, rulings regarding the relevance and admissibility of evidence will not be disturbed. *Id.*

La. C.E. art. 401 states, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All relevant evidence is admissible, except as otherwise provided by law. La. C.E. art. 402. In deciding the issue of relevancy, the trial court must determine whether the evidence bears a rational connection to the facts at issue in the case. *State v. Battle*, 23-272 (La. App. 5 Cir. 6/17/24), 391 So.3d 130, 148, *writ denied*, 24-912 (La. 1/14/25), 398 So.3d 649.

After review, I find that the trial court clearly abused its discretion in granting the State's motion *in limine* by excluding the text messages between the victims' grandmother and the victims' mother. The text messages bear a rational connection to the facts at issue and are relevant to Relator's presentation of his defense that the physical abuse in the victims' family dynamic led to the victims' allegations of sexual abuse against him.[3] The probative value of the text messages outweigh the danger of unfair prejudice, confusion of the issues, or misleading the jury.

At this juncture, I further find that the trial court's conclusion that the text messages did not serve as a basis for Dr. Luscher's opinion to be erroneous. While Dr. Roussel's report has been previously found inadmissible, the text messages at issue were listed in the "Collateral Record Review" of Dr. Luscher's report, which has not been stricken in its entirety. Questioning at trial will reveal the extent of

---

[3] As mentioned by the trial court, I note that references to the victims' past sexual behavior is prohibited by La. C.E. art. 412.

2

Dr. Luscher's consideration of the text messages in forming her opinion. Excluding evidence that Dr. Luscher relied upon for her opinion would unjustifiably limit her testimony and Relator's defense. As for the photographs, I agree with the majority disposition.

Accordingly, I would grant the writ in part.

**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/17/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**25-K-353**

### E-NOTIFIED

29th Judicial District Court (Clerk)
Honorable Connie M. Aucoin (DISTRICT JUDGE)
Steven F. Griffith, Sr. (Relator)

### MAILED

Louis G. Authement (Respondent)
Attorney at Law
13919 River Road
Suite 300
Luling, LA 70070

Honorable Joel T. Chaisson, II
(Respondent)
Payal Patel (Respondent)
Assistant District Attorney
Twenty-Ninth Judicial District Court
Post Office Box 680
Hahnville, LA 70057